UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GEOFFREY PARSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-CV-65 |
| | ) | |
| TECHNOLOGY CROPS | ) | |
| INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 2.)  The Notice of Removal alleges that "Defendant is *informed and believed* that Geoffrey Parsh was, and still is, a citizen of the state of Indiana" and that Defendant Technology Crops International was, and still is, "a corporation incorporated under the laws of the state of North Carolina, having its principle [sic] place of business in the state of North Carolina."  (Notice of Removal ¶ 4 (emphasis added).)

Defendant's Notice of Removal, however, is inadequate for two reasons.  First, it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge."  *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co., Inc.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).  Consequently,

1

Defendant must amend its Notice of Removal to allege the Plaintiff's citizenship on personal knowledge rather than on information and belief.

More problematic, however, is the discrepancy between the allegations in the Notice of Removal describing Defendant Technology Crops International as a corporation and the language in the Employment Agreement stating that the agreement is between the Plaintiff and "Technology Crops, LLC, a Delaware limited liability company."  (Compl. Ex. A.)  Because of this discrepancy, it is unclear whether Technology Crops International is a corporation or a LLC (and, not to mention, whether Technology Crops International and Technology Crops, LLC are the same entity).  If Technology Crops International is a corporation, then its citizenship has been properly alleged.  *See* 28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen of its state of incorporation and the state in which it has its principal place of business).

On the other hand, if Technology Crops International is an LLC, then its citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members," *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), and, therefore, the Court would have to be advised of the citizenship of all the members of Technology Crops International to ensure that none of its members share a common citizenship with the Plaintiff, *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).  This citizenship would then have to be "traced through multiple levels" for those members of Technology Crops International who are a partnership or a limited liability company, as anything less could result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before March 15, 2012, properly alleging on personal knowledge the

Plaintiff's citizenship and clarifying whether Defendant Technology Crops International is a corporation or a LLC.

SO ORDERED.

Enter for this 1st day of March, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge